THE HUNTERDON COUNTY NATIONAL BANK OF FLEM-
INGTON, PLAINTIFF, v. JOHN P. PACKER, ALMAR G.
COLE AND EZEKIEL PACKER, DEFENDANTS.

Argued January 19, 1938.—Decided August 11, 1938.

Before Justices CASE and DONGES.

For the petitioner, *Harry Krieger.*

For the Hunterdon County National Bank of Flemington,
*George K. Large.*

For Marjorie L. Saxe, *Herr & Fisher (Ryman Herr).*

The opinion of the court was delivered by

CASE, J. On the petition of Florence C. Packer, presented on behalf of herself and George D. Packer, co-executors of the last will and testament of Ezekiel Packer, deceased, a rule issued directing the Hunterdon County National Bank of Flemington, Marjorie L. Saxe and the clerk of this court to show cause, at the opening of the October, 1937, term, why an order should not be made directing the clerk to issue execution to the sheriff of Hunterdon county (wherein certain lands formerly of the defendant John P. Packer, and now belonging to Marjorie L. Saxe are situate) commanding the sheriff to make the amount of a judgment entered in the above entitled cause. The case was moved on the return day on oral argument but went off for the reason that there was not a state of facts upon which a decision could be made. At the January term the case again came in, this time upon briefs, but still without proofs essential to a clear determination. Copies of certain court records in the cause and of certain papers in the court files which were not produced in the first instance are laid before us, presumably by the prosecutor of the rule, but, even assuming these to be properly authenticated as a state of case, we are without some of the facts extrinsic to the court files and records which are needed to give vitality to the issue. No testimony was taken. There is no stipulation. The proofs, such as they were, upon which the rule issued were exhausted when that step was accomplished. *Peer* v. *Bloxham,* 82 *N. J. L.* 288; *Arcoil Manufacturing Co.* v. *New Brunswick Fire Insurance Co.,* 117 *Id.* 214. The prosecutor, the bank and Saxe have severally filed briefs, and each brief contains a statement, called the "facts," giving the version of the respective party. It is not the function of the court to make comparison of these several *ex parte* statements in the endeavor to extract from them such points of agreement as will be sufficient to form a composite factual basis for decision. Nevertheless, we believe that the few extraneous facts assumed in this opinion are conceded to be true.

The records or court files before us are: the summons and

complaint in the above entitled suit, the assessment, rule for judgment, final judgment and executions issued thereon against the named defendants or some of them, an assignment from the bank to the executors, a warrant by the executors for a partial satisfaction, a warrant by the bank for a further satisfaction, and, incorporated within the brief filed by the bank, what purports to be a reply by that party to the allegations of the petition upon which the rule issued.

The judgment was entered by default on October 8th, 1934, as follows:

"Judgment entered this eighth day of October, A. D. nineteen hundred and thirty-four in favor of plaintiff and against defendants John P. Packer and Almar G. Cole for the sum of One thousand two hundred twenty two dollars and fifty-eight cents damages and against defendant Ezekiel Packer for the sum of five hundred fifty-nine dollars and seventeen cents damages and sixty-seven dollars and ten cents costs. Damages $1,222.58 agst. J. P. P. & A. G. C.
Damages $559.17 agst. E. P.
Costs $67.10."

The question is whether lands formerly of the judgment debtor, John P. Packer, and conveyed by him to Saxe in January, 1937, for valuable consideration may now be reached by execution under that judgment. The *bona fides* of the sale to Saxe are not attacked.

It now appears that the judgment was confusedly entered in this respect: The suit was on three notes of John P. Packer aggregating $1,222.58. He, as maker, owed the entire debt. So, too, as to the plaintiff bank, did Cole, an endorser on all three notes. But Ezekiel Packer had endorsed only two of the notes, and the extent of his liability was, therefore, reduced to $559.17. The complaint gave notice that judgment was demanded against all three defendants on the two notes and against John P. Packer and Almar G. Cole on the note which was not endorsed by Ezekiel Packer. If the judgment had been entered against the three defendants in the sum of $559.17 and against John P. Packer and Almar G. Cole for the balance, $663.41, it would have conformed to

the allegations and the notice contained within the complaint. On the face of the record the bank was a judgment creditor in the amount of $1,222.58 plus $559.17, or $1,781.75; it properly was a creditor in the first sum only.

On July 25th, 1936, the bank assigned the $559.17 judgment against Ezekiel Packer to the executors, and the latter, soon thereafter, executed a warrant of satisfaction. Both the assignment and the warrant were entered in the court records. The clerk made a marginal entry against the judgment record stating that the judgment against Ezekiel Packer had been assigned, giving the book and page of the assignment record, and across the face of the title of the judgment record wrote "Satisfied as to Ezekiel Packer only." So far as the judgment record discloses there was no one save Ezekiel Packer as to whom a satisfaction of the judgment for $559.17 could run. He was the only judgment debtor as to that sum. Later the bank executed a warrant for satisfaction of its remaining interest (which according to the judgment record was $1,222.58) in the entire judgment, and that warrant was entered on the court records. In our view the entire judgment then appeared to be satisfied, and that was the status of the record when Saxe took title. Petitioner argues that the warrant for satisfaction executed by the executors went only as to so much of the judgment as was against Ezekiel Packer; but the judgment as entered was in effect two judgments, one of which, as we have shown, was against Ezekiel Packer and against him only and consequently a satisfaction of that judgment as to Ezekiel Packer was a complete satisfaction.

It is true that when the bank assigned to the executors it recited that it had recovered a judgment against Ezekiel Packer, Almar G. Cole and John P. Packer for $559.17; but the fact is that it had *not* recovered a judgment in that amount against either Almar G. Cole or John P. Packer; and when the bank came to execute the later warrant for satisfaction it correctly recited that the judgment for $559.17, assigned to the executors, was against Ezekiel Packer.

The Judgment act, 3 *Comp. Stat., p.* 2955, provided in

section 2 (*Rev. Stat.* 1937, 2:27-252) that no judgment shall affect or bind any real estate, but from the time of the actual entry of such judgment on the minutes or records of the court and further provided in section 23 (*Rev. Stat.* 1937, 2:27-303) for the executing and delivery of a warrant or authority, directed to the clerk, to enter satisfaction. The judgment upon which the petitioner seeks to have an execution issue is not of record. The judgment that was entered of record is now of record as satisfied. We see no further virtue in the recorded assignment from the bank to the executors, with respect to the matters now in litigation, than that it was notice to the world that the judgment against Ezekiel Packer was assigned as stated. We observe no ground upon which a defective judgment should be reformed and instituted as a lien upon real estate now owned by an innocent purchaser for full value. That answers the litigated question.

The rule to show cause will be discharged, with costs.